IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL M. ZUBRITZKY,<br>        Plaintiff, | )<br>)<br>) |
| vs | )    Civil Action No. 10-342 |
| WILLIAM F. PROVENZANO,<br>        Defendant. | )<br>)<br>) |

O R D E R

Plaintiff, Paul M. Zubritzky, brings this action pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 (RICO), and Pennsylvania common law. Plaintiff is an obstetrician and former medical staff member at Ohio Valley General Hospital (OVH). He alleges that Defendant, William F. Provenzano, the President and Chief Executive Officer of OVH, engaged in a scheme to defraud him to obtain his patients, disrupt his medical practice and force him to leave the medical staff. In addition to the RICO claim, Plaintiff asserts state law claims of intentional interference with contractual relations, defamation, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress and fraud.

On May 14, 2010, Defendant filed a motion to dismiss (Docket No. 6), in which he argues, inter alia, that the RICO claim in Count I is deficient because Plaintiff has failed to allege a "pattern of racketeering activity," specifically that the predicate acts he cites took place over a period of only five and one-half months, which is insufficient to establish a "closed-ended" period of continuity pursuant to precedent set by the Supreme Court of the United States and the Court of Appeals for the Third Circuit. See H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 241-42 (1989); Hughes v. Consol-Pa. Coal Co., 945 F.2d 594, 610 (3d Cir. 1991) (periods of time of one year or less too short to establish closed period of continuity); Kehr Packages, Inc.

v. Fidelcor, Inc., 926 F.2d 1406, 1412 (3d Cir. 1991) ("A short-term scheme threatening no future criminal activity will not suffice.")

Plaintiff argues that he has alleged that the pattern of racketeering activity took place "in or around 2003 through 2009." (Compl. ¶ 12.) However, what the Complaint alleges occurred in 2003 was that Provenzano "caused and induced OVH to expend in excess of $30 million to create and construct a new facility at OVH that included specialized areas for obstetrical care ... [which] opened in 2007." (Compl. ¶ 14.) Plaintiff further alleges that Provenzano caused and induced OVH to enter into employment agreements whereby certain physicians were employed as direct employees of OVH; that he caused and induced OVH to establish an entity known as "Robinson OB/GYN" so that employee-physicians would bring patients to OVH and OVH would thereby profit; and that (beginning in 2009), Provenzano began to promote Robinson OB/GYN and the ability of its employee-physicians (including Dr. Vladimir Nikifarouk) to perform single incision laparoscopic hysterectomies so as to generate business and profits for OVH and himself. (Compl. ¶¶ 15-18.)

These allegations do not cite any predicate acts and are completely unconnected from the events leading to what Plaintiff calls Provenzano's scheme to defraud him, which began in May 2009 when Plaintiff treated a patient after she complained about the treatment she had received from Dr. Nikifarouk. Indeed, the RICO Case Statement identifies predicate acts beginning on May 28, 2009 and ending on November 9, 2009. (Docket No. 2 Ex. A.) Plaintiff's allegations fail to establish a closed-ended period of continuity. Moreover, Plaintiff has not pointed to past conduct that by its nature projects into the future with a threat of repetition. Therefore, he has also not established open-ended continuity.

In his response, Plaintiff also states the following:

> Alternatively, should the Court find continuity has not been established through either closed-ended or open-ended continuity, Dr. Zubritzky has become aware of facts since the filing of his complaint relevant to further establishing continuity. These include, but are not limited to, acts of mail and wire fraud in the conduct giving rise to the matter of <u>United States v. Ohio Valley General Hospital</u>, 2:06-cv-86 (W.D. Pa.), where the Government sought damages under the False Claims Act for conduct that included a scheme to defraud including use of the mail. Accordingly, should the Court conclude the RICO claim is not sufficiently pleaded, Dr. Zubritzky would request leave to replead.

(Docket No. 10 at 20 n.12.)

AND NOW, this 12th day of July, 2010,

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendant (Docket No. 6) is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff is granted until July 26, 2010 to file an Amended Complaint with respect to the RICO claim in Count I only in accordance with footnote 12 of his Response to Motion to Dismiss.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge